



UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

United States of America, *Plaintiff(s)*

  -against-

Angelica L. Parks, New York State Affordable
Housing Corporation, Chautauqua Opportunities,
Inc., JOHN DOE, MARY ROE AND XYZ
CORPORATION, Defendants(s)

---

**The Defendant's Answer to the Complaint**

Case No. 1:17-CV-1262 V

Jury Trial:    ☑ Yes    ☐ No
*(check one)*

---

## I.    The Parties Filing This Answer to the Complaint

| | |
|---|---|
| Name: | Angelica L. Parks |
| Street Address | 2864 East Lake Rd. |
| City and County | Dunkirk, Chautauqua County |
| State and Zip Code | New York 14048 |
| Telephone Number | 716-467-9165 |

## II.    The Answer and Defenses to the Complaint

### A.    Answering the Claims for Relief

1.    The defendant admits the allegations in Paragraph 1 of the complaint.

2.    The defendant admits the allegations in Paragraph 2 of the complaint.

3.    The defendant admits the allegations in Paragraph 3 of the complaint.

4.    The defendant admits the allegations in Paragraph 4 of the complaint.

5.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of the complaint.

6.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 6 of the complaint.

7.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of the complaint.

8.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 of the complaint except that defendant denies the allegations to the extent that the plaintiff inappropriately raised the defendant's mortgage payments to an unaffordable and inappropriate level in violation of the promissory note and mortgage.

9.    The defendant admits the allegations in Paragraph 9 of the complaint.

10.    The defendant denies the allegations in Paragraph 10 of the complaint.

11.    The defendant denies the allegations in Paragraph 11 of the complaint.

12.    The defendant admits the allegations in Paragraph 12 of the complaint.

13.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 of the complaint.

14.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 of the complaint.

15.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of the complaint.

16.    The defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of the complaint.

17.    The defendant admits the allegations in Paragraph 17 of the complaint.

**B.    Presenting Defenses to the Claims for Relief**

1.    The complaint fails to state a claim upon which relief can be granted because the plaintiff fails to state the date upon which the alleged default on the promissory note and note occurred.

2.      The complaint fails to state a claim upon which relief can be granted because the plaintiff fails to demonstrate that it gave the defendant proper notice of acceleration pursuant to the U.S. Department of Agriculture Direct  Single Family Housing Programs Centralized Servicing Center Handbook.

3.      The complaint fails to state a claim upon which relief can be granted because the plaintiff fails to state that it properly serviced this Section 502 direct loan in accordance with the applicable regulations.

C.      **Asserting Affirmative Defenses to the Claims for Relief**

1.      The plaintiff's claim for foreclosure is barred by its failure to provide the defendant proper notice of acceleration pursuant to the U.S. Department of Agriculture Direct Single Family Housing Programs Centralized Servicing Center Handbook.

2.      The plaintiff's claim for foreclosure is barred by its failure to properly service the defendant's Section 502 direct loan in accordance with the applicable regulations, including but not limited to its failure to inform the defendant of servicing options she qualified for under the regulations and being dissuaded from applying for options she qualified for, including but not limited to a payment moratorium.

3.      The Plaintiff's claim for foreclosure is barred by its failure, within 45 days of the defendant's delinquency, to send the defendant contact information for the servicer, a description of loss mitigation options

3

available from the servicer, information about applying for loss
mitigation and a website listing housing counselors pursuant to the early
intervention requirement of Real Estate Settlement Procedures Act (12
C.F.R. § 1024.39).

**D.     Other Information**

1.       Pursuant to 42. U.S.C. § 1475 , the USDA/Rural Housing Service
must follow the procedure in the state if it is more beneficial to the
borrower than the procedure under federal court. Under New York
Civil Practice Law & Rules § 1303-a, I am entitled to receive a copy of
the Consumer Bill of Rights as published by the New York State
Department of Financial Services.

2.       This *pro se* answer was prepared with the assistance of an attorney
admitted to the State of New York bar, admitted to the U.S.
District Court for the Western District of New York and employed by
Legal Assistance of Western New York, Inc. Legal Assistance of
Western New York, Inc. is not entering its appearance in this case.

**III.     Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this answer: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have

evidentiary support or, if specifically so identified, will likely have evidentiary support

after a reasonable opportunity for further investigation or discovery; and (4) the answer

otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-

related papers may be served.  I understand that my failure to keep a current

address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _1·25-_, 2018

Signature of Defendant _Angelica Parks_____

Printed Name of Defendant _Angelica PARKS_____

Appendix A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

<table>
<tr><td>

United States of America, *Plaintiff(s)*

   **-against-**

Angelica L. Parks, New York State Affordable
Housing Corporation, Chautauqua Opportunities,
Inc., JOHN DOE, MARY ROE AND XYZ
CORPORATION, Defendants(s)

</td><td>

**CERTIFICATE OF SERVICE**

Case No. 1:17-CV-1262 V

</td></tr>
</table>

I, Angelica L. Parks, declare as follows. I am over the age of 18 years. My address is: 2864 East

Lake Rd., Dunkirk, NY  14048.  On January 25, 2018, I served the foregoing documents

described as: The Defendant's Pro Se Answer to the Complaint on all interested parties in this

action by placing a true and correct copy thereof in a sealed envelope, with first-class postage

prepaid thereon, and deposited said envelope in the United States mail, addressed to:

Robert J. Kalb, Esq.

Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.

One S. Clinton Ave., Suite 1000

Rochester, NY 14604

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___1-25-18___ (date) at ___DuNKiRK   NY___ (place of
signing).

___*Angelica Parks*___
(signature)

___Angelica Parks___
(name)

Ms. Angelia Parks
2864 East Lake Rd.
Dunkirk, NY
14048
Tel: 716-467-9165
Case No. 1:17-CV-1262 V

PEACE STICKER AT TOP OF
OF THE RETURN ADDRESS

CERTIFIED

7017 0660 0000

FIRST CLASS MAIL

Pro Se A
US Dist
For The We
Robert H.
2 Niagar
Buffalo,

MAIL

6258 7018

UNITED STATES POSTAGE
PITNEY BOWES

02 1P          $ 001.00⁰
0004706126     JAN 25 2018
MAILED FROM ZIP CODE 14701

FIRST CLASS

UNITED STATES
POSTAL SERVICE

1000          14202

U.S. POSTAGE
PAID
JAMESTOWN, NY
14701
JAN 25 18
AMOUNT

$3.66

R2305M145925-13

BUFFALO

nswer

rict Court

stern District of New York

Jackson Courthouse

a Square, Room 200

NY 14202

SBC
127