IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
      Plaintiff

  vs.             CV No. 17-CV-1262

Angelica L. Parks, New York State
Affordable Housing Corporation,
Chautauqua Opportunities, Inc.,

JOHN DOE, MARY ROE AND
XYZ CORPORATION,
      Defendants

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

**Robert J. Kalb, Esq.**
Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
Attorneys for Plaintiff
One South Clinton Ave., Suite 1000
Rochester, New York 14604

**PRELIMINARY STATEMENT**

The United States of America on behalf of its agency, U.S.D.A. Rural Housing Service, by its attorneys Forsyth, Howe, O'Dwyer, Kalb & Murphy, PC, submits this memorandum of law in support of its motion for summary judgment. This Court has jurisdiction under 28 U.S.C. Section 1345. As shown below, there are no material issues of fact in dispute and the United States is entitled to judgment as a matter of law.

**PROCEDURAL HISTORY**

This is an action to foreclose a certain real property mortgage given by the defendant, Angelica L. Parks (hereinafter referred to as "Debtor"). The mortgage was given to secure a promissory note signed by the Debtor. The United States filed its complaint on December 6, 2017. An Answer was filed by Angelica L. Parks on January 25, 2018.

**STATEMENT OF FACTS**

A Promissory Note dated March 6, 2007, was executed and delivered to the Plaintiff evidencing the agreement between the parties. Pursuant to the terms of the Promissory Note, the Debtor agreed to repay the loan, with interest at 5.75 per cent in specified monthly installments.

As security for the original loan, Angelica L. Parks executed and delivered to the Plaintiff, a real property mortgage covering the real property at issue. The mortgage was duly recorded in the Chautauqua County Clerk's Office March 6, 2007 in Liber 2948 of Mortgages at Page 975.

Pursuant to the terms of certain Subsidy Repayment Agreements, the interest described in the Promissory Note was reduced during each Agreement's effect period. Pursuant to 42 U.S.C 1490a and paragraph four of the Mortgage, any interest credit assistance is subject to recapture upon the disposition of the property.

This action was commenced on December 6, 2017 by the filing of the original Complaint and Notice of Pendency in the office of the Clerk of this Court. As of April 20, 2018 the Debtor was indebted to the United States in the amount of $177,628.12. An Answer was filed by Angelica L. Parks on January 25, 2018.

## LEGAL ARGUMENT

**THE UNITED STATES IS ENTITLED TO SUMMARY JUDGMENT**

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c), *see also Celotex Corp. v Catrett*, 477 US 317 (1986).

The United States has shown that the loan was given and secured by the mortgage at issue. The United States has fully documented all relevant transactions as well as the default on the loan. The answer filed by the Debtor does not raise any affirmative defenses sufficient to bar summary judgment. Plaintiff has established that the debtor is in default. There are no material facts in dispute. Thus, the United States is entitled to summary judgment.

## POINT I

**Plaintiff's Complaint States a Cause of Action in Foreclosure.**

The Debtor alleges at paragraph B of her Answer that the complaint fails to state a claim upon which relief can be granted because plaintiff (1) fails to state the date of default under the Note, (2) fails to demonstrate that it gave defendant proper notice of acceleration, and (3) failed to state that it properly serviced the loan in accordance with applicable regulations. The Debtor's conclusory statements are unsupported

4

by any further affidavit or evidence and are therefore insufficient to deny plaintiff's motion for summary judgment.

In order to sustain a foreclosure claim, Plaintiff must establish: "(1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *United States v. Simmons*, 2015 U.S. Dist. LEXIS 182393, *7 (W.D.N.Y. 2015); *United States v. Paugh*, 332 F.Supp.2d 679, 681 (S.D.N.Y. 2004). Plaintiff not only alleged in its complaint the required elements to sustain a foreclosure, but has sufficiently established the elements to succeed on its motion for summary judgment. A copy of the Note and Mortgage are attached to the instant application. *See* Plaintiff's Affidavit for Judgment of Foreclosure and Sale and exhibits thereto. The Affidavit of Plaintiff (hereinafter "Jackson Affidavit") clearly states that the defendant has defaulted on the mortgage loan. Plaintiff sent Defendant a notice of default pursuant to RPAPL § 1304, copies of which were attached to the Complaint.

Plaintiff is not required to state the date upon which the default on the note occurred in its pleadings. Nonetheless, Defendant defaulted on this loan on July 6, 2014 and Plaintiff accelerated the loan on April 27, 2015. With regard to defendant's assertion in paragraph II(B)(2) of her Answer,

5

Plaintiff sent the required notice of acceleration by both certified and regular mail on April 27, 2015. A copy of said notice along with the postal tracer is attached to the Jackson Affidavit as Exhibit "E." Defendant's assertion in paragraph II(B)(3) of her Answer that plaintiff failed to state that it properly serviced this Section 502 loan in accordance with applicable regulations is unsubstantiated (see Point III, *infra*).

The defendant has raised no issue of fact to rebut the plaintiff's assertion. Defendant's assertion that Plaintiff failed to state a cause of action is without merit and does not raise any issues of fact that preclude the relief requested by the defendants in this Motion.

## POINT II

**Plaintiff Provided Defendant with a Notice of Acceleration.**

Defendant asserts in paragraph II(C)(1) of her answer that Plaintiff's claim is barred by its failure to provide Defendant proper notice of acceleration pursuant to the U.S. Department of Agriculture Direct Single Family Housing Programs Centralized Servicing Center Handbook.

As previously stated, Plaintiff provided Defendant with a notice of acceleration by regular and certified mail (Exhibit

6

"E" of Jackson Affidavit). Said notice complies with the handbook in that it provides the reason for the acceleration (monetary default in this situation), the amount due, the method of payment, the opportunity for an informal discussion with the decision maker, and the process for requesting an administrative appeal hearing. As such this defense lacks merit and should be stricken.

### POINT III

**Defendant's Section 502 Loan was Properly Serviced.**

Defendant alleges in Paragraph (C)(2) of her answer that Plaintiff failed to properly service Defendant's Section 502 direct loan in accordance with the applicable regulations by failing to inform the defendant of servicing options she qualified for and being dissuaded from applying for options she qualified for, including a payment moratorium.

Defendant's claim that she was not informed of any servicing options is simply untrue. Special servicing options include: payment assistance, delinquency workout agreements, protective advances, payment moratoriums, reamortizations, etc. *See* 7 C.F.R. § 3550.201 et seq. Defendant in fact applied for moratorium assistance, but was denied her request for failure to submit additional information. *See* Jackson Affidavit ¶ 5.

7

Further, Defendant's February 12, 2015 letter, attached to her answer as Appendix A, in which she again requests a payment moratorium makes it clear that Defendant was aware of certain special servicing options available to her. In response to Defendant's letter, Plaintiff indeed reinstated the loan after it was initially accelerated to allow Defendant to apply for special servicing. *See* Jackson Affidavit ¶ 6.

Defendant's loan was accelerated again and for a final time on April 27, 2015. Once accelerated, a borrower is "not eligible for special servicing actions." 7 C.F.R. § 3550.211(h). Notwithstanding the foregoing, the RHS may consider postacceleration special servicing options if the borrower can demonstrate that his/her financial situation has greatly improved since the account was accelerated. Defendant has not reported that her financial situation has greatly improved. Plaintiff, therefore, has no compelling reason to continue with this loan and seek exception authority to grant any post acceleration special servicing options. It is clear that the USDA took numerous steps, including several regular (i.e. payment subsidies) and special servicing options, to work with Defendant to aid her in keeping her home.

This defense is without merit and does not raise any issues of fact that preclude the relief requested by the plaintiff in this Motion.

### POINT IV

**Plaintiff is Not in Violation of 12 C.F.R § 1024.39.**

In paragraph II(C)(3) of her Answer, Defendant alleges that Plaintiff's claim for foreclosure is barred by its failure to comply with the written notice and live contact requirements of 12 C.F.R. 1024.39. Defendant's claim has no merit.

Defendant is precluded from arguing the sufficiency of the Agency's servicing process in light of the Defendant's failure to exhaust all administrative remedies. Under 7 U.S.C. § 6912(e), "a person shall exhaust all administrative procedures established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against 1) the Secretary; 2) the Department or 3) an agency, office, or employee of the Department." Courts construing this provision have determined that 7 U.S.C. § 6912(e) establishes a mandatory administrative exhaustion requirement as a prerequisite to bringing suit. *See Bastek v. Federal Crop. Ins. Corp.*, 145 F.3d. 90, 95 (2d Cir. 1998).

Defendant was made aware of his right to appeal the acceleration of his loan upon receipt of the acceleration

letter. The instructions on how to appeal the acceleration of the loan were contained in the acceleration notice. Defendant, however, failed to appeal the decision to accelerate her loan on April 27, 2015, and therefore did not exhaust all of her administrative remedies. Furthermore, it has been held that an alleged violation of 12 C.F.R. 1024.39 does not provide a private right of action to borrowers. *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed. Appx. 355, 359 (5th Cir. 2016). Since the Defendant has failed to exhaust all administrative remedies available and in light of the precedent that 12 C.F.R. 1024.29 fails to provide a private right of action, it follows that Defendant is prohibited from arguing that the account was not serviced properly in the instant foreclosure action.

Additionally, 12 C.F.R. 1024.39 does not provide as a defense to foreclosure an alleged failure to provide any notice thereunder. As laid out in Point III, *supra*, Plaintiff gave Defendant ample opportunity to cure her default under the loan prior to the current acceleration of Defendant's loan. Despite Plaintiff's diligence, Defendant was not able to bring her account current and Plaintiff was forced to ultimately accelerate her loan. As such, this defense fails.

### POINT V

**Plaintiff is Under No Obligation to Deliver a Copy of the Consumer Bill of Rights as Published by the NYS Department of Financial Services**

In paragraph II(D)(1) of her Answer, Defendant claims that she is entitled to a copy of the Consumer Bill of Rights as published by the New York State Department of Financial Services. Plaintiff's counsel believes that Defendant is referring to NY RPAPL § 1303(3-a). Under this section, the New York State Department of Financial Services is required to publish a "Consumer Bill of Rights…which shall detail the rights and responsibilities of the plaintiff and defendant in a foreclosure proceeding. Such Bill of Rights shall be updated on an annual basis and as appropriate." RPAPL § 1303(3-a) does not impose any requirement on Plaintiff to provide Defendant with a copy of said Consumer Bill of Rights. As such, this defense fails.

### CONCLUSION

The Note and Mortgage provide that if there is a default by the Debtor, the mortgagee may accelerate the debt and seek foreclosure. The United States of America, as the holder and owner of the Note and Mortgage, has exercised its legal rights and the defendants have not raised a material issue of fact in this case. Accordingly, the answer of the Debtor should be

11

dismissed and the Plaintiff's Motion for Summary Judgment and Judgment of Foreclosure and Sale should be granted.

Dated: Rochester, New York May 30, 2018

S/Robert J. Kalb

_____
FORSYTH, HOWE, O'DWYER, KALB & MURPHY, P.C.
One South Clinton Ave., Suite 1000
Rochester, NY  14604
(585) 325-7515
Fax:  (585) 325-6287
Email:  rkalb@forsythhowe.com