UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

ANGELICA L. PARKS, NEW YORK STATE
AFFORDABLE HOUSING CORPORATION,
CHAUTAUQUA OPPORTUNITIES, INC.,
JOHN DOE, MARY ROE AND XYZ
CORPORATION,

                      Defendants.

**ORDER OF PRELIMINARY
PRETRIAL CONFERENCE**

17-CV-01262-LJV-JJM

---

       This action has been referred to me by Order of Hon. Lawrence J. Vilardo for entry of a Case Management Order, in accordance with Fed. R. Civ. P. ("Rule") 16 and Local Rule 16.

       Each party, including any party appearing without counsel, shall appear on **December 4, 2018 at 4:00 p.m.** at 2 Niagara Square, Buffalo, New York for the purpose of entry of a Case Management Order as required by Rule 16(b). The parties may appear in person or participate by telephone in the conference. For those electing to participate by telephone, the court has arranged a dial-in teleconference. To access the teleconference, the parties shall dial (703) 724-3100, enter access code 4100030#, and then pin 9999# sufficiently in advance of the conference. Failure to appear in person or be on the teleconference at the scheduled time may be considered a failure to participate in the conference."

       The parties are expected to follow the attached chambers procedures (also available on the court's website at www.nywd.uscourts.gov).

All parties should note that the case is subject to mandatory pretrial mediation as required by the court's recently adopted Alternative Dispute Resolution Plan ("the ADR Plan"). The parties are urged to consult the ADR Plan and a related document, Alternative Dispute Resolution Procedures, copies of which are available from the Clerk of the Court and on the court's website.

As required by Rule 26(f), the parties shall confer at least 21 days prior to the Rule 16(b) hearing as scheduled above for (1) preparation of the required Proposed Discovery Plan, and (2) to propose to the court a Case Management Order that will establish outside cut-off dates for the further progress of this case (*see* attachment). The proposed Discovery Plan and Case Management Order shall, pursuant to Rule 26(f), be submitted to the court in writing at least 14 days prior to the Rule 16(b) conference. In preparing the proposed Case Management Order, please bear in mind that, absent extraordinary circumstances, dispositive motions are due within 12 months of the Rule 16(b) conference, meaning that all discovery (fact and expert) must be completed prior to that deadline.

All parties should be prepared to address at the conference any anticipated electronic discovery issues that may arise.

The parties are encouraged to consider the attached consent to proceed before a United States Magistrate Judge in a civil case pursuant to Title 28 of the United States Code, Section 637(c). If the parties wish to consent, they must execute the consent form and return it to the Clerk for processing. However, no substantive adverse consequences will result should the parties elect not to consent.

SO ORDERED.

Dated: November 5, 2018

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NOTICE OF RIGHT TO CONSENT TO DISPOSITION
OF A CIVIL CASE
BY A UNITED STATES MAGISTRATE JUDGE

PLEASE TAKE NOTICE pursuant to Title 28 U.S.C. §636(c) that, if all parties to this civil action (or their attorneys) consent, a full-time United States Magistrate Judge of this Court may conduct any or all proceedings therein, including the conducting of a jury or non-jury trial and order entry of a final judgment. A copy of the appropriate consent form is attached.

Your decision to consent or not to consent to a referral of your case to a U.S. Magistrate Judge is entirely voluntary. Unless all parties have consented, no District Court Judge or Magistrate Judge is to be informed of anyone's decision to consent or not to consent. *NO consent form will be accepted for filing unless there is tendered a signed Consent form for EVERY party to the action.* Therefore, in actions involving more than one plaintiff, or more than one defendant, one party must collect all the consents and file them together.

Even though all parties consent to disposition of the case by a Magistrate Judge, this opportunity is subject to the calendar requirements of the Court. Accordingly, it is subject to approval by the District Judge assigned to the case.

Pursuant to Title 28 U.S.C. §636(c)(3) any appeal from a judgment in a case decided by a Magistrate Judge lies directly to the United States Court of Appeals for the Second Circuit.

Procedures relating to these matters are set forth in Local Rule 73 of the Local Rules for the Western District of New York.

MARY C. LOEWENGUTH
CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>ANGELICA L. PARKS, et al.,<br><br>                Defendants. | **CONSENT TO PROCEED<br>BEFORE A UNITED STATES<br>MAGISTRATE JUDGE**<br><br>17-CV-01262-LJV-JJM |

In accordance with the provisions of 28 U.S.C. §636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have Magistrate Judge Jeremiah J. McCarthy conduct any and all further proceedings in the case, including trial, and order the entry of final judgment. Any appeal from the judgment in this case shall be taken to the United States Court of Appeals for the Second Circuit.

Plaintiff(s) : Signature: _____ Date: _____

Print Name: _____

Defendant(s): Signature: _____ Date: _____

Print Name: _____

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that the above-captioned matter be referred to Magistrate Judge Jeremiah J. McCarthy for all further proceedings and the entry of judgment in accordance with 28 U.S.C. §636(c) and foregoing consent of the parties.

Date _____

_____
United States District Judge

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202
(716) 551-1880

*Courtroom Deputy Clerk*: Deborah Zamito (716) 551-1881
*Law Clerk*: Matthew D. Yusick (716) 551-1882
*Law Clerk*: James R. Arnone (716) 551-1884

**Chambers Procedures**

<u>Motions</u>

Unless previously provided with a date by the court, motions shall not contain return dates. <u>Courtesy copies of all motion papers shall be provided to chambers.</u> Oral argument will be scheduled by the court if deemed necessary or requested by one of the parties. If a motion is not decided within 60 days of the time it is fully submitted, the parties are encouraged to bring this to the Court's attention.

<u>**Requests for Adjournments or Enlargements of Time**</u>

All such requests shall indicate whether the motion is on consent, set forth good cause for the request, and indicate the number of prior adjournments/extensions. If seeking to extend a criminal appearance or deadline, such request shall also address the exclusion of time from the Speedy Trial Act calendar. Parties shall also provide proposed deadlines or dates/times that are mutually agreeable to all parties.

<u>**Discovery Disputes**</u>

If discovery disputes arise, the parties shall initially advise the court of the dispute via letter (copying opposing counsel). Upon review of the letter, Judge McCarthy will generally schedule a conference with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

<u>**Submissions to Chambers**</u>

Judge McCarthy accepts letter submissions via mail or e-mail only, <u>not</u> by fax. Any e-mail submissions should be sent to mccarthy@nywd.uscourts.gov.

<u>Participation by Telephone</u>

**In civil matters, parties may generally participate via telephone upon advance notice to chambers unless the proceeding involves taking testimony, requires the exchange of documents, or otherwise ordered by the court. Those electing to participate by telephone shall notify my chambers no later than 24 hours in advance of the conference, failing which it will be assumed that they will be attending in person. In criminal matters, the parties may participate via telephone upon advance approval by the court. The court will initiate all calls using the telephone number provided on the docket unless an alternative telephone number is provided at the time chambers is notified of a party's telephonic participation.**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**CASE MANAGEMENT ORDER**

Plaintiffs,

v.

Defendant.
_____

   Pursuant to the order of Hon. Lawrence J. Vilardo referring the above case to me

for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P.

("Rule") 16(b) and Local Rule 16, and a conference with counsel having been held on

  12-4-18  , it is ORDERED that:

   1.  In accordance with Section 2.1A of the Plan for Alternative Dispute

Resolution,[1] this case has been referred to mediation.

   2.  The parties do not intend to file motions to opt out of ADR.

   3.  Compliance with the mandatory disclosure requirements found in

Rule 26(a)(1) will be accomplished by no later than 1-15-19

   4.  The parties shall confer and select a Mediator, confirm the Mediator's

availability, ensure that the Mediator does not have a conflict with any of the parties in the case,

identify a date and time for the initial mediation session, and file a stipulation confirming their

selection on the form provided by the Court by no later than 2-15-19 . If the parties do not

_____

[1]  A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found
at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

file a stipulation confirming their selection of a mediator by this deadline, the Court will select a mediator in accordance with §5.4(C)(2) of the ADR Plan.

5.      All motions to join other parties and to amend the pleadings shall be filed by no later than   3-15-19  .

6.      The initial mediation session shall be held by no later than   4-15-19  .

7.      All fact discovery shall be completed by no later than   4-15-19  . If discovery disputes arise, the parties shall initially advise me of the dispute via letter (copying opposing counsel). Upon review of the letter, I will generally schedule a conference with the parties to attempt to resolve the issue informally.  If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

8.      Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than   4-15-19  . Each party intending to offer other expert testimony (*i.e.,* testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than   5-15-19  .

9.      All expert depositions shall be completed by no later than   6-14-19  .

10. Pretrial dispositive motions, if any, shall be filed by no later than 6-28-19 . Such motions shall be made returnable before the Magistrate Judge. The parties are directed to provide a courtesy copy of all motion papers to the Court.

11. If no pretrial dispositive motions are filed, the parties shall contact Judge Vilardo's chambers by 7-5-19 to schedule a trial date.

12. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until 7-5-19 . The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

**No extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party". <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326, 340 (2d Cir. 2000).**

**SO ORDERED.**

Dated:

_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                  17-CV-1262
                                          DECISION & ORDER

ANGELICA L. PARKS, et al.,

        Defendants.
_____

        On December 5, 2017, the plaintiff commenced this action to foreclose a real

property mortgage. Docket Item 1. On June 1, 2018, the plaintiff moved for summary

judgment and to amend the caption, Docket Item 12, and on June 5, 2018, this Court

referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all

proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 17. On October 4,

2018, Judge McCarthy issued a Report, Recommendation and Order ("R&R") granting

the plaintiff's motion to the extent it seeks to amend the caption but recommending that

the motion otherwise be denied. Docket Item 22. The parties did not object to the R&R,

and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b)(2).

        A district court may accept, reject, or modify the findings or recommendations of

a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court

must conduct a de novo review of those portions of a magistrate judge's

recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to deny the plaintiff's motion for summary judgment, fees, and costs. Because Judge McCarthy granted the non-dispositive motion to amend the caption and no party has challenged that decision, there is no need for this Court to address that issue.

For the reasons stated above and in the R&R, the plaintiff's motion for summary judgment and to amend the caption, Docket Item 12, is DENIED in part. More specifically, the motion for summary judgment and for attorney's fees and costs is denied. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of June 5, 2018, Docket Item 17.

SO ORDERED.

Dated:     November 5, 2018
           Buffalo, New York


                              s/ Lawrence J. Vilardo
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                      **REPORT,**
                                      **RECOMMENDATION**
                                      **AND ORDER**

                            Plaintiff,

v.                                    17-CV-01262(LJV)(JJM)

ANGELICA L. PARKS, *et al.*,

                            Defendants.

---

      This is an action to foreclose a real property mortgage executed by defendant Angelica L. Parks to the plaintiff United States of America, acting through its agency, the United States Department of Agriculture Rural Housing Services ("RHS"). Before the court is the plaintiff's unopposed motion [12][1] for summary judgment, a judgment of foreclosure and sale, and amendment of the caption to identify the John Doe defendants, which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [17]. For the following reasons, the motion is granted to the extent it seeks to amend the caption,[2] but I recommend that it otherwise be denied, without prejudice.

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]    Since I am granting the plaintiff's motion for leave to amend, I have addressed it by Order, rather than by Report and Recommendation. *See* Mohr v. United Cement Mason's Union Local 780, 2017 WL 1187690, *1 (E.D.N.Y. 2017) ("where a magistrate judge's decision on a motion to amend a complaint effectively dismisses or precludes a claim, the motion to amend is rendered dispositive; while the grant of the same motion should be treated as non-dispositive").

## BACKGROUND

On March 6, 2007 Parks executed a Promissory Note to the RHS in the amount of $142,030.00 with interest at 5.75% per annum, payable in monthly installments. Plaintiff's Statement of Material Facts Not in Dispute [14], ¶1; [16-1], pp. 2-4 of 23 (CM/ECF).[3] To secure the Promissory Note, Parks executed a Mortgage also dated March 6, 2007, covering real property located at 2864 East Lake Road, Dunkirk, New York. Plaintiff's Statement of Material Facts Not in Dispute [14], ¶2; [16-1], pp. 7-14 of 23 (CM/ECF)).

In 2012, Parks applied for a moratorium on her mortgage payments, but that request was denied. [16-1], pp. 16-18 of 23 (CM/ECF). After August 1, 2014, Parks stop making payments under the terms of the Promissory Note. Plaintiff's Statement of Material Facts Not in Dispute [14], ¶5. Because the loan payments ceased, the loan was initially accelerated[4] on January 28, 2015, but was later reinstated to afford Parks additional time to apply for special servicing. Id., ¶4. The loan was accelerated again on April 27, 2015, and Parks did not appeal that decision. Id., ¶¶6,7. As of April 20, 2018, the amount due on the loan was $177,628.12, with interest accruing thereon from April 20, 2018 in the amount of $20.10 per day. Id., ¶10.

---

[3]    Since there has been no response to the plaintiff's motion, I have accepted the plaintiff's Statement of Material Facts Not in Dispute as true for purposes of this motion, where properly supported by the record.

[4]    The promissory note provides that "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.   If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest I owe, and any later charges." [16-1], p. 3 of 23 (CM/ECF).

The plaintiff commenced this action by filing a Complaint [1] and Notice of

Pendency [2] on December 5, 2017.   After Parks, who is proceeding *pro se*, filed an Answer [6],

plaintiff moved for summary judgment [12], and I set briefing schedule on that motion, which

was mailed to Parks, requiring her response to be served by July 3, 2018. June 6, 2018 Text

Order [18].   Although Parks was provided with a Notice to *Pro Se* Litigants, as required by LR

Civ. P. 56(b), which cautioned her that "Failure to Respond to this Motion for Summary

Judgment May Result in the Grant of Judgment in Favor of the Party Seeking Summary

Judgment" [21] (emphasis omitted), to date no response has been received from Parks.

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not

relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."

Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004);

Jackson v. Federal Express, 766 F.3d 189, 195 (2d Cir. 2014).

## ANALYSIS

A.      **Motion for Summary Judgment**

"Summary judgment is appropriate in foreclosure actions". United States v.

Fugle, 2003 WL 251948, *2 (W.D.N.Y. 2003). "Under New York state law, three elements must

be established in order to sustain a foreclosure claim: (1) the proof of the existence of an

obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to

the debtor of that default." United States v. Paugh, 332 F.Supp.2d 679, 681 (S.D.N.Y. 2004).

"[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by

presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." Eastern Savings Bank, FSB v. Whyte, 2015 WL 790036, *6 (E.D.N.Y.2015); Fugle, 2003 WL 251948, *2.

"Plaintiffs in New York residential foreclosure actions, however, carry an even higher burden. The New York Real Property Actions and Proceedings Law [("RPAPL")] imposes stringent notice requirements on lenders, assignees, and mortgage loan services in residential mortgage foreclosure actions. [Courts] have found that compliance with these statutes is a 'condition precedent' to the commencement of a foreclosure action and that a plaintiff has the burden of establishing satisfaction of that condition." United States v. Starr, 2017 WL 4402573, *3 (S.D.N.Y. 2017).

For example, RPAPL §1303 "requires a foreclosing party in a residential mortgage foreclosure action to attach a notice including sources of information and assistance to homeowners in foreclosure to the summons and complaint. . . . The statute lays out strict guidelines for the required content and form of the notice. Under the statute, the notice must: (1) be in bold, fourteen-point font; (2) be printed on different colored paper than the summons and complaint; (3) include 'Help for Homeowners in Foreclosure' in the title in bold, twenty-point font; and (4) be on its own page. Id. It is not clear from the plaintiff's motion, which does not address this requirement, whether RPAPL §1303 has been satisfied. See id. ("[p]laintiff's Complaint, 56.1 Statement, and supporting affidavits all sorely lack any reference to § 1303's requirements; nowhere does Plaintiff claim to have provided . . . Defendants with any notice even vaguely resembling that required under § 1303. Additionally, the affidavit of service filed

by Plaintiff does not reflect that Defendants were served with any § 1303 - compliant notice along with the summons and complaint, as required by the statute").

Additionally, RPAPL §1331 requires the filing of a notice of pendency, and "[a] copy of the complaint must be filed with the notice of pendency, unless the complaint has already been filed in that county. CPLR 6511(a)." Nationstar Mortgage LLC v. Nedza, 315 F.Supp.3d 707, 710 (W.D.N.Y. 2018). "[T]he drastic impact of the notice of pendency authorized by CPLR 6501 requires a strict application of that statute." Id. at 711. Thus, "[t]he failure to file a complaint with the notice renders Plaintiff's notice defective and void." Id. However, it is not evident that the Notice of Pendency filed in connection with this motion ([13-7], pp. 1-5 of 21 (CM/ECF); Kalb Affidavit [13], ¶12) satisfies the RPAPL §1331.

While the plaintiff does attempt to address its compliance with RPAPL §1304 (see Jackson Affidavit [16], ¶9, Ex. F), that too appears deficient. For instance, the notices that were attached to the motion fail to include the required list of counseling agencies as required by RPAPL §1304(2). See Aurora Loan Services, LLC v. Weisblum, 85 A.D.3d 95, 106 (2d Dep't. 2011) ("the RPAPL 1304 notice provided with Aurora's motion papers does not contain the statutorily-required list of counseling agencies"). The plaintiff is "required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion, regardless of the opposing papers." Id.[5]

---

[5]     The examples I have cited are not intended to be exhaustive or to reflect the plaintiff's compliance with the other applicable sections of the RPAPL.

"A foreclosing mortgagee that does not *clearly* establish compliance with RPAPL's notice requirements fails to meet its prima facie burden of establishing its entitlement to judgment as a matter of law." Starr, 2017 WL 4402573, *4 (emphasis added). Therefore, I recommend that the plaintiff's motion for summary judgment be denied, without prejudice to renewal.

## B.    Request for Attorney's Fees and Costs

In connection with its motion, the plaintiff seeks its attorney's fees and costs. Kalb Affidavit [13], ¶¶17, 18. Its right to these fees and costs appear to arise, in part, from the Promissory Note, which states that it "will have the right to paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law", including "reasonable attorney's fees". [13-1], p. 3 of 14 (CM/ECF).

"The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records. . . . This is considered a strict rule from which attorneys may deviate only in the rarest of cases." Nationstar Mortgage LLC v. Atanas, 285 F. Supp. 3d 618, 623 (W.D.N.Y. 2018). In contravention to that requirement, the request for $3,000 in attorney's fees ([13-7], pp. 18-19 of 21 (CM/ECF), ¶10) provides no detail of the actual services that have been performed on this case. Lacking is any detail of who performed the services or the dates when the services were performed. It is also not evident whether the time expended for these services is estimated or actual or whether all of the services identified have been performed. *See* Eastern Savings Bank, FSB v. Bright, 2013 WL 3282889, *6 (E.D.N.Y. 2013) (in a foreclosure action denying the plaintiff's request for attorney's fees not

yet incurred, but granting the plaintiff leave to file a motion to amend the judgment to seek these fees after they are incurred). Although the plaintiff's request for attorney's fees is based upon its flat fee arrangement ([13-7], pp. 16, 20 of 21, ¶¶4, 13), the court must still assess the reasonableness of this fee. *See* Mack Financial Services v. Poczatek, 2011 WL 4628695, *10 (E.D.N.Y.), adopted in relevant part, 2011 WL 4628692 (E.D.N.Y. 2011) ("[i]n general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done" (internal quotations omitted)); Watson v. E.S. Sutton, Inc., 2006 WL 6570643, *12 (S.D.N.Y. 2006), adopted in relevant part, 2007 WL 2245432 (S.D.N.Y. 2007); Cablevision Systems New York City Corp. v. Landron, 2003 WL 430347, *4 (S.D.N.Y. 2003).

In support of its request for costs, the plaintiff submits a Bill of Costs ([13-7], pp. 12-13 of 21 (CM/ECF)) which itemizes its costs as being $435.00 in filing fees for the Index Number and Notice of Pendency, and $600.00 in service of process fees (id., p. 13 of 21). The plaintiff's counsel attests to these costs, stating "upon information and belief" that these "costs were necessarily incurred in this action" and that "the services of the Marshal were actually and necessarily performed". Id., p. 12 of 12, ¶2. "Plaintiffs seeking to recover costs must submit bills or receipts for claimed expenses." James v. National Railroad Passenger Corp., 2005 WL 6182322, *20 (S.D.N.Y. 2005). *See* Garcia v. Badyna, 2014 WL 4728287, *17 (E.D.N.Y. 2014) ("[t]his Court generally approves requests that are reasonable and well-documented"). Without any supporting documentation, I am unable to verify the plaintiff's service of process costs. This

is especially so since the plaintiff's counsel states that it utilized the services of the Marshal ([13-7], p. 12 of 21, ¶2), in contradiction to the Affidavits of Service [4].

Therefore, any renewed motion continuing to seek attorney's fees and costs should address these issues. *See* United States v. Simmons, 2015 WL 12591683, *4-5 (W.D.N.Y. 2015), adopted, 13-cv-0789 [37].

## C.      Motion to Amend the Caption

The plaintiff seeks to amend the caption to replace the John Doe defendants, with the   tenants or occupants of the premises, who are identified as Andrew Parks, Kennedy Parks, and Kali Parks.   Kalb Affidavit [13], ¶11. Each have been served with copies of the Summons and Complaint. Id.

"The rationale for joinder of tenants . . . derives from the underlying objective of foreclosure actions - to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." Gustavia Home, LLC v. Nunu, 2018 WL 3574869, *7 (E.D.N.Y. 2018). Thus, "[u]nder New York law, tenants of a property are necessary parties to a foreclosure action" Eastern Savings Bank, FSB v. McLaughlin, 2014 WL 692864, *5 (E.D.N.Y. 2014). Therefore, the motion for leave to amend is granted.

However, these individuals "became parties to this litigation only with the issuance of this Order, which has granted [the plaintiff's] motion to amend the caption. Thus, until now, they have had no obligation to respond to the Complaint in any way". Christiana Bank & Trust Co. v. Dalton, 2009 WL 4016507, *5 (E.D.N.Y. 2009). I note this because the plaintiff's

Notice of Motion seeks relief pursuant to Fed. R. Civ. P. 55(b), but the motion does not otherwise specify who it is seeking a default judgment against or on what grounds. The plaintiff has also previously attempted (albeit unsuccessfully) to obtain a clerk's entry of default against these defendants. *See* April 4, 2018 Entry.

## CONCLUSION

For the following reasons, I order that the plaintiff's motion [23] be granted to the extent that it seeks to amend the caption, and recommend that the motion otherwise be denied, without prejudice to renewal. Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation, and Order must be filed with the clerk of this court by October 18, 2018. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".   Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

Dated: October 4, 2018


/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge