Form RD 3550-12
(Rev. 9-06)

**United States Department of Agriculture**
**Rural Housing Service**

Form Approved
OMB No. 0575-0172

Account :

## SUBSIDY REPAYMENT AGREEMENT

Only one agreement should be executed by the subject borrower for the subject property. The agreement is completed at the closing of the first Agency loan to the borrower regardless of whether or not they qualify for payment assistance at that time.

1. As required under section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2. When I fail to occupy or transfer title to my home, recapture is due. If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but; payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full. In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3. Calculating Original Equity.

For Self-Help loans, the market value is the appraised value as determined at the time of loan approval/obligation, which is subject to completion per plans and specifications. If the house is not ultimately furnished under the Self-Help program, an amended agreement using the market value definition for all other transactions as outlined below must be completed.

For all other transactions, the market value is the lower of the:

    Sales price, construction/rehabilitation cost, or total of these costs, whichever is applicable
    OR
    Appraised value as determined at the time of loan approval/obligation.

If the applicant owns the building site free and clear or if an existing non-Agency debt on the site without a dwelling will not be refinanced with Agency funds, the market value will be the lower of the appraised value or the construction cost plus the value of the site.

Market value of property located at:

2864 East Lake Road

Dunkirk, NY    14048                                    $ 142,865.00

Less Prior Liens                              $ _____ Held by _____
                                              $ _____ Held by _____

Less Subordinate Affordable Housing Products  $ _____ Held by _____
                                              $ _____ Held by _____

Less Rural Development Single Family Housing Loans   $ 142,030.00
Equals Original Equity (If negative number use "0")  $ 835.00

Percent of Original Equity                    $ _____ %
(Determined by dividing original equity by the market value)

4. If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, the amount to be recaptured is computed according to the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

5.

| months loan outstanding | 1 % | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
|---|---|---|---|---|---|---|---|---|
| | | | | Average interest rate paid | | | | |
| 0 - 59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

6. Calculating Recapture

    Current Market value

LESS
    Original amount of prior liens and subordinate affordable housing products,
    RHS balance,
    Reasonable closing costs,
    Principal reduction at note rate,
    Original equity (see paragraph 3), and
    Capital improvements (see 7 CFR part 3550).

EQUALS
    Appreciation value. (If this is a positive value, continue.)

TIMES
    Percentage in paragraph 4 (if applicable),
    Percentage in paragraph 5, and
    Return on borrower's original equity (100% - percentage in paragraph 3).

EQUALS
    Value appreciation subject to recapture. Recapture due equals the lesser of this figure or
    the amount of subsidy received.

Borrower agrees to pay recapture in accordance with this agreement.

| Borrower | Date |
|---|---|
| *Angelica A Parks* | 03-06-2007 |
| Borrower | Date |
| | 03-06-2007 |

**EXHIBIT D**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of New York

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Angelica L. Parks, New York State Affordable | ) |
| Housing Corporation, Chautauqua Opportunities, | ) |
| Inc., John Doe, Mary Roe and XYZ Corporation | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.    1:17-cv-1262 V

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Angelica L. Parks
2864 East Lake Rd.
Dunkirk, NY 14048

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert J. Kalb, Esq.
Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
One S. Clinton Ave., Suite 1000
Rochester, NY 14604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   12/6/2017    _____

*Signature of Clerk or Deputy Clerk*

## NOTICE

**YOU ARE IN DANGER OF LOSING YOUR HOME**

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| Angelica L. Parks, New York State Affordable Housing Corporation, Chautauqua Opportunities, Inc., John Doe, Mary Roe and XYZ Corporation | ) |
| *Defendant(s)* | ) |

Civil Action No.    1:17-cv-1262 V

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   New York State Affordable Housing Corporation
641 Lexington Ave.
ACH ID #1K99
New York, NY 10022

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert J. Kalb, Esq.
Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
One S. Clinton Ave., Suite 1000
Rochester, NY 14604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:    12/6/2017                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| Angelica L. Parks, New York State Affordable Housing Corporation, Chautauqua Opportunities, Inc., John Doe, Mary Roe and XYZ Corporation | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 1:17-cv-1262 V

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Chautauqua Opportunities, Inc.
17 W. Courtney St.
Dunkirk, NY 14048

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Robert J. Kalb, Esq.
Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
One S. Clinton Ave., Suite 1000
Rochester, NY 14604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:   12/6/2017

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  1:17-cv-1262 V |
| Angelica L. Parks, New York State Affordable Housing Corporation, Chautauqua Opportunities, Inc., John Doe, Mary Roe and XYZ Corporation | ) ) ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  John Doe
2864 East Lake Rd.
Dunkirk, NY 14048

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Robert J. Kalb, Esq.
Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
One S. Clinton Ave., Suite 1000
Rochester, NY 14604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  12/6/2017  _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of New York

| | |
|---|---|
| United States of America<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Angelica L. Parks, New York State Affordable Housing Corporation, Chautauqua Opportunities, Inc., John Doe, Mary Roe and XYZ Corporation<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.   1:17-cv-1262 V<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Mary Roe
2864 East Lake Rd.
Dunkirk, NY 14048

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Robert J. Kalb, Esq.
Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
One S. Clinton Ave., Suite 1000
Rochester, NY 14604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   12/6/2017        _____
                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of New York

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| Angelica L. Parks, New York State Affordable Housing Corporation, Chautauqua Opportunities, Inc., John Doe, Mary Roe and XYZ Corporation | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No.    1:17-cv-1262 V

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  XYZ Corporation
2864 East Lake Rd.
Dunkirk, NY 14048

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Robert J. Kalb, Esq.
Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C.
One S. Clinton Ave., Suite 1000
Rochester, NY 14604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   12/6/2017          _Mary C Loewenguth_
                                          _Signature of Clerk or Deputy Clerk_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                 Plaintiff

         -v-

Angelica L. Parks
2864 East Lake Rd.
Dunkirk, NY 14048


New York State Affordable Housing Corporation
641 Lexington Ave.
ACH ID #1K99
New York, NY 10022

Chautauqua Opportunities, Inc.
17 W. Courtney St.
Dunkirk, NY 14048


JOHN DOE, MARY ROE AND XYZ
CORPORATION,
2864 East Lake Road
Sheridan, New York 14048


                 Defendants

Civil No.: *17-CV-1262*
Filed: 12/6/17
COMPLAINT – ACTION TO
FORECLOSE A MORTGAGE

     The United States of America, a Sovereign, by Forsyth, Howe,

O'Dwyer, Kalb & Murphy, P.C., Attorneys for the Plaintiff, complains

and alleges as follows:


     1.    This Court has jurisdiction under the provisions of Title

28, United States Code, Section 1345.

2.    On or about 3/6/2007, at the request of the defendant, Angelica L. Parks, (hereinafter referred to as the "Debtor"), the Plaintiff, the United States of America, acting by and through its agency, USDA Rural Housing Service (hereinafter referred to as the "Plaintiff"), did lend to the Debtor, the sum of $142,030.00, which sum the Debtor did undertake and promise to repay, with interest at 5.75% in specified monthly installments.

3.    As evidence of the indebtedness, the Debtor, did execute and deliver to the Plaintiff a Promissory Note dated 3/6/2007, a true copy of which is attached as **Exhibit "A"**.

4.    In order to secure the payment of the indebtedness the Debtor, did execute, acknowledge and deliver to the Plaintiff, a real property mortgage dated 3/6/2007, a true copy of which is attached as **Exhibit "B"**.

5.    The mortgage was duly recorded on 3/6/2007 in the Chautauqua County Clerk's Office in Liber 2948 of Mortgages at Page 975.

6.    Plaintiff is now the owner and holder of the Promissory Note and Mortgage.

7. Pursuant to the terms of certain Subsidy Repayment Agreements and/or Interest Credit Agreements executed by a representative of the Farmers Home Administration and the Debtor, the interest described in the Promissory Note was reduced during each Agreement's effective period.  Pursuant to 42 U.S.C. 1490a, and the fourth paragraph of the Mortgage, any interest credit assistance is subject to recapture upon the disposition of the property. True copies of said Subsidy Repayment Agreements are attached as **Exhibit "C"**.

8. The Debtor has breached and violated the provisions of the Promissory Note and Mortgage in that he did neglect and fail to pay the installments of principal and interest when due, despite due demand therefore and/or by failing to make payment of real property taxes when due, thus making it necessary for the Plaintiff to pay the same to protect its interest. Copies of the Acceleration Letters are attached hereto as **Exhibit "D"**.

9. By reason of the defaults described herein, Plaintiff has elected to declare the entire sums secured by the mortgage to be due and payable.

10. There is now justly due and payable to the Plaintiff, as of 11/28/2017, on the Promissory Note and Mortgage the following sums:

| | |
|---|---|
| Unpaid Principal (Note) | $127,595.49 |
| Unpaid Interest (Note) | $25,547.91 |
| Unpaid Principal (Advances) | $14,067.25 |
| Unpaid Interest (Advances) | $1,309.13 |
| Escrow/Impound (Advances) | $1,732.56 |
| Late Fees | $84.20 |
| **Total** | $170,336.54 |

together with interest at the rate of 5.75% per annum on principal and all advances from 11/29/2017.

11.  Upon information and belief, Plaintiff may be compelled to make additional advances for payment of taxes, hazard insurance water and sewer charges, or other municipal assessments maintenance, in order that it may protect and preserve security, but the nature and amount thereof is unknown to Plaintiff at this time. Nevertheless, Plaintiff seeks recovery thereof and therefore, together with interest thereon.

12. No other action or proceeding has been brought at law or otherwise for the recovery of said sums secured by the Promissory Note and Mortgage, or any part thereof.

13. The defendants, New York State Affordable Housing Corporation, Chautauqua Opportunities, Inc., as set forth in **Exhibit "E"** have or may claim to have some interest in, or lien upon the mortgaged premises or

some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto.

14.   That the Plaintiff has complied with the notice provisions of New York State RPAPL Section 1304.   A copy of the required notice is attached hereto as **Exhibit "F"**.

15.   Upon information and belief, the provisions of Banking Law Section 595-a, and any rules and regulations promulgated thereunder, and Banking law Sections 6-l and 6-m and RPAPL section 1302(1) are not applicable to the mortgage loan(s) that is the subject of this proceeding.

16.   At the time this proceeding was commenced, the Plaintiff has complied with the provisions of New York State RPAPL Section 1306 regarding filing with the Superintendent of the New York State Banking Department.   A copy of the required filing is attached hereto as **Exhibit "G"**.

17.   The true names of the defendants John Doe, Mary Roe and XYZ Corporation are unknown to the United States, those names being fictitious, but intending to designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof.

WHEREFORE, Plaintiff demands judgment:

(a) That the defendants, or either or any of them, subsequent to the filing of the Notice of Pendency of this action, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all right, claim, lien and equity of redemption in the mortgaged premises;

(b) That the premises may be decreed to be sold according to law;

(c) That the amount due to the Plaintiff on the promissory note and mortgage may be adjudged;

(d) That the moneys arising from the sale may be brought into Court;

(e) That the Plaintiff may be paid the amount adjudged to be due to the Plaintiff with interest thereon to the time of such payment, together with the costs and expenses of this action and the expenses of the sale, so far as the amount of such money properly applicable thereto will pay the same;

(f) And that the Plaintiff may have such other and further relief as may be just and equitable.

DATED:          Rochester, New York   November 28, 2017

S/Robert J. Kalb

_____

FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One South Clinton Avenue, Suite 1000
Rochester, NY  14604
(585) 325-7515
Fax:  (585) 325-6287
Email:  Kalb@forsythhowe.com

EXHIBIT A

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

### UNITED STATES DEPARTMENT OF AGRICULTURE
### RURAL HOUSING SERVICE

## PROMISSORY NOTE

Type of Loan  SECTION 502

**SATISFIED**

This _____ day of _____, 20 ___
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

Loan No. _____

Date: ___03/06___ 20 _07___

2864 East Lake Road
_____
(Property Address)

Dunkirk _____, Chautauqua , NY
(City or Town)                    (County)           (State)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ __142,030.00__ (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of ___5.7500___ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

    I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____, _____ shall be added to the principal. The new principal and later accrued interest shall be payable in ___396___ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $_____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

    II. Payments shall not be deferred. I agree to pay principal and interest in ___396___ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the ___6th___ day of each month beginning on ___April 6___ , __2007__ and continuing for ___395___ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on ___March 6___ , __2040__ , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ __801.25__ . I will make my monthly payment at __the post office address noted on my billing statement.__ or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

Account #

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of ___15__ days after the date it is due, I will pay a late charge. The amount of the charge will be_____2_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

2

Account #

**NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

**OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

**WAIVERS.** I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING:** Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.

_____ Seal        _____ Seal
Borrower Angelica L Parks                                   Borrower

_____ Seal        _____ Seal
Borrower                                                   Borrower

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ | | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

3

**EXHIBIT B**

Chautauqua County Clerk                                      1 7 APR 2007

<u>Return To:</u>

    BLY SHEFFIELD BARGAR PILLITTIERI &
    3 LAKEVIEW AVE
    PO BOX 3327
    JAMESTOWN      NY 14702-3327

Index   MORTGAGE BOOK

Book   02948   Page  0975

No. Pages   0009

Instrument   MTG TAX EXEMPT

Date :   3/06/2007

Time :   12:23:21

Control #   200703060165

PARKS
ANGELICA            L
UNITED STATES DEPARTMENT OF AG
RICULTURE

INST#        MT 2007 000980

SER#         CX 2006 004714

Employee ID   SWEENEY

<u>MORTGAGE TAX</u>

| | | | | | | |
|---|---|---|---|---|---|---|
| COUNTY | $ | 35.00 | MORTGAGE AMOUNT | $ | 142,030.00 | |
| | $ | .00 | | | | |
| SED/CEA | $ | 19.00 | TOTAL TAX | $ | .00 | |
| | $ | .00 | | | | |
| | $ | .00 | | $ | .00 | |
| | $ | .00 | | | | |
| | $ | .00 | | $ | .00 | |
| | $ | .00 | | | | |
| | $ | .00 | Total | $ | .00 | |
| Total: | $ | 54.00 | | | | |

STATE OF NEW YORK
Chautauqua County Clerk

WARNING: THIS SHEET CONSTITUTES THE CLERK'S
ENDORSEMENT, REQUIRED BY SECTION 316-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK.  DO NOT DETACH.

      Sandra K. Sopak
      County Clerk



M029480975

1 6 APR 2007

Form RD 3550-14 NY
(Rev. 6-03)

(Space Above This Line For Recording Data)

Form Approved
OMB No. 0575-0172

### United States Department of Agriculture
### Rural Housing Service

# MORTGAGE FOR NEW YORK

THIS MORTGAGE ("Security Instrument") is made on  March 6, 2007                        . [Date]
The mortgagor is  Angelica L. Parks

("Borrower").

This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| March 6, 2007 | $142,030.00 | March 6, 2040 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower irrevocably grants and conveys to Lender the following described property located in the County of

Chautauqua                                        , State of New York:

which has the address of   2864 East Lake Road,                        Dunkirk            , New York  14048
                            [Street]                                    [City]                        [ZIP]

("Property Address");   see attached Schedule A for legal description

---

According to the Paperwork Reduction Act of 1996, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Page 2 of 6