IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff      **AFFIDAVIT**

                                    CV No. 17-CV-1262

        vs.

Angelica L. Parks, New York State Affordable
Housing Corporation, Chautauqua Opportunities, Inc.,

JOHN DOE, MARY ROE, and XYZ CORPORATION

                    Defendants

STATE OF NEW YORK)
COUNTY OF ONONDAGA) ss:

Jennifer R. Jackson, being duly sworn, deposes and says:

    1.    That I am employed by the United States of America and hold the position of Single Family Housing Program Director with the United States Department of Agriculture Rural Housing Services ("RHS") with offices located at The Galleries of Syracuse, 441 South Salina St., Suite 357, Syracuse, New York 13202.

    2.    That I am familiar with the loan account of defendant Angelica L. Parks (hereinafter the "Debtor"). This Affidavit is based upon my review of the books and records of my employer and my own personal knowledge with respect to this account.

    3.    That this is an action to foreclose a certain mortgage executed by the defendant, Angelica L. Parks to the United States of America, acting through its Agency, RHS, in order to secure a

promissory note executed and delivered to the Plaintiff as follows:

| Date of Note | Amount | Interest Rate |
|---|---|---|
| 3/6/07 | $142,030.00 | 5.75% |

A true copy of the note is attached hereto as **Exhibit "A."**

4.    The referenced mortgage was recorded in the Office of the Chautauqua County Clerk on March 6, 2007 in Liber 2948 at Page 975.  A true copy of the mortgage is attached hereto as **Exhibit "B."**

5.    Debtor applied for moratorium assistance, but failed to provide complete information and therefore a decision could not be entered.  Annexed hereto as **Exhibits "C" and "D"** respectively, are copies of the letter to Debtor requesting additional information and the decision dated January 28, 2013 denying Debtor's moratorium request.

6.    The Debtor's loan was initially accelerated on January 28, 2015.  USDA Rural Development reinstated the loan to allow the Debtor additional time to apply for special servicing.

7.    The account was accelerated again on April 27, 2015 at which time Debtor's account was approximately 325 days delinquent.  A copy of the acceleration notice, which contains Debtor's appeal rights, is attached hereto as **Exhibit "E."**

8.    Debtor did not appeal the decision to accelerate her loan.

9.   Plaintiff sent Debtor the required 90-day notice by both certified and regular mail on January 12, 2017, copies of which, along with the proof of filing, are attached hereto as **Exhibit "F."**

10.   Prior to the current acceleration of Defendant's loan, RHS provided the following assistance to Debtor dating back to origination of the subject loan:

   a. Providing a below industry mortgage interest rate of 5.75% at the time of loan inception;

   b. Amortizing the loan over 33 years versus a 30 year term;

   c. Providing payment subsidies.

11.   That pursuant to 7 C.F.R. § 3550.211(h), a borrower is "not eligible for special servicing actions once the account has been accelerated." As a result, the special servicing actions that are described in 7 C.F.R. 3550, Subpart E are no longer available in the instant case.  Depending upon the factual circumstances of a particular case, however, RHS may also consider the availability of certain special servicing options if required by state law, or if the borrower can demonstrate that his/her financial situation has greatly improved since the account was accelerated.

12.   Debtor has not reported that her financial situation has greatly improved, and therefore, the RHS is under no

obligation to consider any special servicing options post acceleration.

13.    Debtor has failed to make a payment since August 1, 2014, which said payment was applied to the June 5, 2014 payment.  As a result, Debtor owes the amounts as shown in paragraph 15, below.  A copy of Debtor's payment history is attached hereto as **Exhibit "G."**  Consequently, anything short of a full cure would require a significant amount of delinquency being reamortized.  RHS does not have the ability to change the term of the loan or the interest rate.  In order for a reamortization to be approved, Debtor must demonstrate the ability to repay. As Debtor has failed to make a subsidized mortgage payment since August 2014, the RHS has serious doubts as to the Debtor's ability to make increased monthly payments under a loan that is reamortized to cure the current delinquency.

14.    Pursuant to the terms of one or more Interest Credit Agreements between the Debtor and the Government, the interest rate provided in the Promissory Note was reduced during the effective dates of the Agreements.  Such interest credit is subject to recapture upon foreclosure by 42 USC 1490a(a) (1) (D) and 7 CFR 1951.406(b).  The amount subject to recapture is determined by 7 CFR 1951.407 and Subsidy Repayment Agreement attached to the Complaint herein.  This amount is recoverable as

part of the mortgage debt pursuant to the fourth paragraph of page one of the mortgage.  Interest Credit in the amount of $0.00 is subject to recapture.  Said Interest Credit and Subsidy Repayment Agreement(s) are attached to the Complaint as Exhibit "C."

15.  As of April 20, 2018, there is a total amount of $177,628.12 due and owing to Plaintiff as set out as follows:

| | |
|---|---|
| Unpaid Principal (Note) | $127,595.49 |
| Unpaid Interest  (Note thru 4/20/2018) | $ 28,422.33 |
| Daily Interest Accrual (Note) | $     20.1007 |
| Unpaid Principal on Advances (Taxes/Ins) | $ 19,854.07 |
| Unpaid Interest on Advances  (Taxes/Ins) | $  1,672.03 |
| Subsidy Subject to Recapture in Foreclosure ($32,778.67 in total subsidy granted) | $      0.00 |
| Late Fees | $     84.20 |
| Interest herein as been accrued through:4/20/2018 | |
| Total due through April 20, 2018, in Principal,Interest, Advances, Taxes, Penalties and Deficiencies | $**$177,628.12** |

16.  That the Debtors account remains unpaid and in default as of the date of this affidavit.

WHEREFORE, the United States respectfully requests that the court grant the United States' motion for summary judgment, for judgment of foreclosure and sale, to dismiss defendant XYZ Corporation, and to substitute defendants A.P., Kc.P., and Ka.P., in place of "John Doe" and "Mary Roe"

DATED: April 20, 2018

JENNIFER R. JACKSON
Single Family Housing Program Dir.

United States Department of Agriculture
Rural Housing Service
441 South Salina Street, Suite 357
Syracuse, NY 13202
(315) 477-6416

Sworn to before me on the
20 day of April, 2018

Notary Public

SUZANNE L. MONTANA
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 4988018
Qualified in Cayuga County
Commission Expires Oct. 28, 2021