UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT, RECOMMENDATION AND ORDER** |
| Plaintiff, | |
| v. | 17-CV-01262(LJV)(JJM) |
| ANGELICA L. PARKS, *et al.*, | |
| Defendants. | |

---

This is an action to foreclose a real property mortgage executed by defendant Angelica L. Parks to the plaintiff United States of America, acting through its agency, the United States Department of Agriculture Rural Housing Services ("RHS"). Before the court is the plaintiff's unopposed motion [12][1] for summary judgment, a judgment of foreclosure and sale, and amendment of the caption to identify the John Doe defendants, which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [17]. For the following reasons, the motion is granted to the extent it seeks to amend the caption,[2] but I recommend that it otherwise be denied, without prejudice.

---

[1] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2] Since I am granting the plaintiff's motion for leave to amend, I have addressed it by Order, rather than by Report and Recommendation. *See* Mohr v. United Cement Mason's Union Local 780, 2017 WL 1187690, *1 (E.D.N.Y. 2017) ("where a magistrate judge's decision on a motion to amend a complaint effectively dismisses or precludes a claim, the motion to amend is rendered dispositive; while the grant of the same motion should be treated as non-dispositive").

## BACKGROUND

On March 6, 2007 Parks executed a Promissory Note to the RHS in the amount of $142,030.00 with interest at 5.75% per annum, payable in monthly installments. Plaintiff's Statement of Material Facts Not in Dispute [14], ¶1; [16-1], pp. 2-4 of 23 (CM/ECF).[3] To secure the Promissory Note, Parks executed a Mortgage also dated March 6, 2007, covering real property located at 2864 East Lake Road, Dunkirk, New York. Plaintiff's Statement of Material Facts Not in Dispute [14], ¶2; [16-1], pp. 7-14 of 23 (CM/ECF)).

In 2012, Parks applied for a moratorium on her mortgage payments, but that request was denied. [16-1], pp. 16-18 of 23 (CM/ECF). After August 1, 2014, Parks stop making payments under the terms of the Promissory Note. Plaintiff's Statement of Material Facts Not in Dispute [14], ¶5. Because the loan payments ceased, the loan was initially accelerated[4] on January 28, 2015, but was later reinstated to afford Parks additional time to apply for special servicing. Id., ¶4. The loan was accelerated again on April 27, 2015, and Parks did not appeal that decision. Id., ¶¶6,7. As of April 20, 2018, the amount due on the loan was $177,628.12, with interest accruing thereon from April 20, 2018 in the amount of $20.10 per day. Id., ¶10.

---

[3]   Since there has been no response to the plaintiff's motion, I have accepted the plaintiff's Statement of Material Facts Not in Dispute as true for purposes of this motion, where properly supported by the record.

[4]   The promissory note provides that "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest I owe, and any later charges." [16-1], p. 3 of 23 (CM/ECF).

-2-

The plaintiff commenced this action by filing a Complaint [1] and Notice of Pendency [2] on December 5, 2017. After Parks, who is proceeding *pro se*, filed an Answer [6], plaintiff moved for summary judgment [12], and I set briefing schedule on that motion, which was mailed to Parks, requiring her response to be served by July 3, 2018. June 6, 2018 Text Order [18]. Although Parks was provided with a Notice to *Pro Se* Litigants, as required by LR Civ. P. 56(b), which cautioned her that "Failure to Respond to this Motion for Summary Judgment May Result in the Grant of Judgment in Favor of the Party Seeking Summary Judgment" [21] (emphasis omitted), to date no response has been received from Parks. However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004); Jackson v. Federal Express, 766 F.3d 189, 195 (2d Cir. 2014).

## ANALYSIS

**A.    Motion for Summary Judgment**

"Summary judgment is appropriate in foreclosure actions". United States v. Fugle, 2003 WL 251948, *2 (W.D.N.Y. 2003). "Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." United States v. Paugh, 332 F.Supp.2d 679, 681 (S.D.N.Y. 2004). "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by

-3-

presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." Eastern Savings Bank, FSB v. Whyte, 2015 WL 790036, *6 (E.D.N.Y.2015); Fugle, 2003 WL 251948, *2.

"Plaintiffs in New York residential foreclosure actions, however, carry an even higher burden. The New York Real Property Actions and Proceedings Law [("RPAPL")] imposes stringent notice requirements on lenders, assignees, and mortgage loan services in residential mortgage foreclosure actions. [Courts] have found that compliance with these statutes is a 'condition precedent' to the commencement of a foreclosure action and that a plaintiff has the burden of establishing satisfaction of that condition." United States v. Starr, 2017 WL 4402573, *3 (S.D.N.Y. 2017).

For example, RPAPL §1303 "requires a foreclosing party in a residential mortgage foreclosure action to attach a notice including sources of information and assistance to homeowners in foreclosure to the summons and complaint. . . . The statute lays out strict guidelines for the required content and form of the notice. Under the statute, the notice must: (1) be in bold, fourteen-point font; (2) be printed on different colored paper than the summons and complaint; (3) include 'Help for Homeowners in Foreclosure' in the title in bold, twenty-point font; and (4) be on its own page. Id. It is not clear from the plaintiff's motion, which does not address this requirement, whether RPAPL §1303 has been satisfied. See id. ("[p]laintiff's Complaint, 56.1 Statement, and supporting affidavits all sorely lack any reference to § 1303's requirements; nowhere does Plaintiff claim to have provided . . . Defendants with any notice even vaguely resembling that required under § 1303. Additionally, the affidavit of service filed

by Plaintiff does not reflect that Defendants were served with any § 1303 - compliant notice along with the summons and complaint, as required by the statute").

Additionally, RPAPL §1331 requires the filing of a notice of pendency, and "[a] copy of the complaint must be filed with the notice of pendency, unless the complaint has already been filed in that county. CPLR 6511(a)." Nationstar Mortgage LLC v. Nedza, 315 F.Supp.3d 707, 710 (W.D.N.Y. 2018). "[T]he drastic impact of the notice of pendency authorized by CPLR 6501 requires a strict application of that statute." Id. at 711. Thus, "[t]he failure to file a complaint with the notice renders Plaintiff's notice defective and void." Id. However, it is not evident that the Notice of Pendency filed in connection with this motion ([13-7], pp. 1-5 of 21 (CM/ECF); Kalb Affidavit [13], ¶12) satisfies the RPAPL §1331.

While the plaintiff does attempt to address its compliance with RPAPL §1304 (see Jackson Affidavit [16], ¶9, Ex. F), that too appears deficient. For instance, the notices that were attached to the motion fail to include the required list of counseling agencies as required by RPAPL §1304(2). See Aurora Loan Services, LLC v. Weisblum, 85 A.D.3d 95, 106 (2d Dep't. 2011) ("the RPAPL 1304 notice provided with Aurora's motion papers does not contain the statutorily-required list of counseling agencies"). The plaintiff is "required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion, regardless of the opposing papers." Id.[5]

---

[5] The examples I have cited are not intended to be exhaustive or to reflect the plaintiff's compliance with the other applicable sections of the RPAPL.

"A foreclosing mortgagee that does not *clearly* establish compliance with RPAPL's notice requirements fails to meet its prima facie burden of establishing its entitlement to judgment as a matter of law." Starr, 2017 WL 4402573, *4 (emphasis added). Therefore, I recommend that the plaintiff's motion for summary judgment be denied, without prejudice to renewal.

**B.   Request for Attorney's Fees and Costs**

In connection with its motion, the plaintiff seeks its attorney's fees and costs. Kalb Affidavit [13], ¶¶17, 18. Its right to these fees and costs appear to arise, in part, from the Promissory Note, which states that it "will have the right to paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law", including "reasonable attorney's fees". [13-1], p. 3 of 14 (CM/ECF).

"The law in this circuit is that no award for attorneys' fees is appropriate where the attorney failed to maintain contemporaneous time records. . . . This is considered a strict rule from which attorneys may deviate only in the rarest of cases." Nationstar Mortgage LLC v. Atanas, 285 F. Supp. 3d 618, 623 (W.D.N.Y. 2018). In contravention to that requirement, the request for $3,000 in attorney's fees ([13-7], pp. 18-19 of 21 (CM/ECF), ¶10) provides no detail of the actual services that have been performed on this case. Lacking is any detail of who performed the services or the dates when the services were performed. It is also not evident whether the time expended for these services is estimated or actual or whether all of the services identified have been performed. See Eastern Savings Bank, FSB v. Bright, 2013 WL 3282889, *6 (E.D.N.Y. 2013) (in a foreclosure action denying the plaintiff's request for attorney's fees not

yet incurred, but granting the plaintiff leave to file a motion to amend the judgment to seek these fees after they are incurred). Although the plaintiff's request for attorney's fees is based upon its flat fee arrangement ([13-7], pp. 16, 20 of 21, ¶¶4, 13), the court must still assess the reasonableness of this fee. See Mack Financial Services v. Poczatek, 2011 WL 4628695, *10 (E.D.N.Y.), adopted in relevant part, 2011 WL 4628692 (E.D.N.Y. 2011) ("[i]n general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done" (internal quotations omitted)); Watson v. E.S. Sutton, Inc., 2006 WL 6570643, *12 (S.D.N.Y. 2006), adopted in relevant part, 2007 WL 2245432 (S.D.N.Y. 2007); Cablevision Systems New York City Corp. v. Landron, 2003 WL 430347, *4 (S.D.N.Y. 2003).

In support of its request for costs, the plaintiff submits a Bill of Costs ([13-7], pp. 12-13 of 21 (CM/ECF)) which itemizes its costs as being $435.00 in filing fees for the Index Number and Notice of Pendency, and $600.00 in service of process fees (id., p. 13 of 21). The plaintiff's counsel attests to these costs, stating "upon information and belief" that these "costs were necessarily incurred in this action" and that "the services of the Marshal were actually and necessarily performed". Id., p. 12 of 12, ¶2. "Plaintiffs seeking to recover costs must submit bills or receipts for claimed expenses." James v. National Railroad Passenger Corp., 2005 WL 6182322, *20 (S.D.N.Y. 2005). See Garcia v. Badyna, 2014 WL 4728287, *17 (E.D.N.Y. 2014) ("[t]his Court generally approves requests that are reasonable and well-documented"). Without any supporting documentation, I am unable to verify the plaintiff's service of process costs. This

-7-

is especially so since the plaintiff's counsel states that it utilized the services of the Marshal ([13-7], p. 12 of 21, ¶2), in contradiction to the Affidavits of Service [4].

Therefore, any renewed motion continuing to seek attorney's fees and costs should address these issues. See United States v. Simmons, 2015 WL 12591683, *4-5 (W.D.N.Y. 2015), adopted, 13-cv-0789 [37].

### C.  Motion to Amend the Caption

The plaintiff seeks to amend the caption to replace the John Doe defendants, with the tenants or occupants of the premises, who are identified as A.P., Ke-P., and Ka.P., Kalb Affidavit [13], ¶11. Each have been served with copies of the Summons and Complaint. Id.

"The rationale for joinder of tenants . . . derives from the underlying objective of foreclosure actions - to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." Gustavia Home, LLC v. Nunu, 2018 WL 3574869, *7 (E.D.N.Y. 2018). Thus, "[u]nder New York law, tenants of a property are necessary parties to a foreclosure action" Eastern Savings Bank, FSB v. McLaughlin, 2014 WL 692864, *5 (E.D.N.Y. 2014). Therefore, the motion for leave to amend is granted.

However, these individuals "became parties to this litigation only with the issuance of this Order, which has granted [the plaintiff's] motion to amend the caption. Thus, until now, they have had no obligation to respond to the Complaint in any way". Christiana Bank & Trust Co. v. Dalton, 2009 WL 4016507, *5 (E.D.N.Y. 2009). I note this because the plaintiff's

Notice of Motion seeks relief pursuant to Fed. R. Civ. P. 55(b), but the motion does not otherwise specify who it is seeking a default judgment against or on what grounds. The plaintiff has also previously attempted (albeit unsuccessfully) to obtain a clerk's entry of default against these defendants. *See* April 4, 2018 Entry.

## CONCLUSION

For the following reasons, I order that the plaintiff's motion [23] be granted to the extent that it seeks to amend the caption, and recommend that the motion otherwise be denied, without prejudice to renewal. Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation, and Order must be filed with the clerk of this court by October 18, 2018. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: October 4, 2018

>/s/ Jeremiah J. McCarthy
> JEREMIAH J. MCCARTHY
> United States Magistrate Judge