UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGELA L. PARKS, et al.,

    Defendants.

17-CV-1262
DECISION & ORDER

On December 5, 2017, the plaintiff, the United States of America, commenced this foreclosure action. Docket Item 1. On June 5, 2018, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(B) or (A) and (B). Docket Item 17.

On April 11, 2019, the plaintiff moved for summary judgment, judgment of foreclosure and sale, default judgment, and amendment of caption, Docket Item 33. On August 2, 2019, defendant Angela L. Parks moved to stay the proceedings and to redact the names of minor tenants from the public docket. Docket Item 40. On August 19, 2019, the plaintiff responded, opposing Parks's motion to stay but indicating that it had no objection to Parks's motion to redact. Docket Item 44. That same day, Judge McCarthy granted Parks's motion to redact but deferred ruling on her motion to stay. Docket Item 45.

On October 9, 2019, Judge McCarthy requested additional briefing regarding the plaintiff's compliance with New York Property Actions and Proceedings Law § 1304 and the plaintiff's request for entry of a default judgment against minor tenants. Docket Item

58. The plaintiff filed a brief on October 22, 2019, addressing those issues. Docket Item 59.

On December 11, 2019, Judge McCarthy issued a Report and Recommendation ("R&R") finding that this Court should grant the plaintiff's motion for summary judgment; enter a judgment of foreclosure and sale; deny as moot the plaintiff's request to amend the caption; enter default judgment against defendants New York State Affordable Housing Corporation and Chautauqua Opportunities, Inc.; deny the plaintiff's motion for a default judgment against the infant defendants and dismiss those defendants from this action; and award the plaintiff its requested $1,035.00 in costs.[1] Docket Item 60. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts

---

[1] Judge McCarthy also denied Parks's motion to stay. Docket Item 60 at 16.

2

Judge McCarthy's recommendation to grant in part and deny in part the plaintiff's motion.

## ORDER AND JUDGMENT OF FORECLOSURE AND SALE

For the reasons stated above and in the R&R, the plaintiff's motion for summary judgment, judgment of foreclosure and sale, default judgment, and amendment of caption, Docket Item 33, is GRANTED IN PART AND DENIED IN PART. Specifically, this Court grants the plaintiff's motion for summary judgment and for judgment of foreclosure and sale; denies as moot the plaintiff's request to amend the caption; grants the plaintiff's motion for default judgment against defendants New York State Affordable Housing Corporation and Chautauqua Opportunities, Inc.; denies the plaintiff's motion for a default judgment against the infant defendants and dismisses those defendants from this action; and awards the plaintiff $1,035.00 in costs.

IT IS SO ORDERED; and it is further

ORDERED, ADJUDGED AND DECREED, as follows:

That the mortgaged premises described in the complaint, as hereinafter set forth, being more commonly known as 2864 East Lake Road, Dunkirk, NY 14048, a parcel of land improved with a single family home, be sold in and as one parcel, as a sale in one parcel will be most beneficial to the interests of the parties;

That the sale be conducted at public auction at the lobby of the Supreme Court, Chautauqua County, 1 North Erie Street, Mayville, New York, by and under the direction of Charles Salina, United States Marshal for the Western District of New York, who is hereby directed to make the sale of said premises;

That the United States Marshal shall give public notice of the time and place of sale as follows:

That he cause a copy of the Notice of Sale to be sent by mail by depositing the same in a prepaid wrapper addressed to:

Angelica L. Parks
2864 East Lake Road
Dunkirk, NY 14048

New York State Affordable Housing Corporation
Audrey V.A. Alexander
Office of the Attorney General
The Capitol
Albany, NY 14224

That he post copies of the Notice of Sale in three (3) conspicuous public places in Chautauqua County, New York, where the premises are located;

That he cause the Notice to be published once weekly for four consecutive weeks in **The Observer**, a newspaper of general circulation published in Chautauqua County where the mortgaged premises are located. The Notice need not contain the full legal description of the property as set forth in Schedule A but may refer to the property as 2864 East Lake Road, Dunkirk, NY 14048;

That the plaintiff or any other party to this action may become a purchaser on such sale;

That the United States Marshal shall execute to the purchaser on such sale a deed of the premises sold and upon receiving the proceeds of sale, forthwith pay the following items:

FIRST, his fees and commissions on the said sale not exceeding, however, the sum of $300.00;

4

SECOND, advertising expenses as shown on bills to be specified in his Report of Sale;

THIRD, the sum of $1,035.00, hereby adjudged to constitute the plaintiff's costs in this action, with interest thereon from the date hereof, and also the sum of $177,628.12, with interest thereon from April 20, 2018, the amount owing to the plaintiff and secured by the mortgage that is the subject of this action, or so much thereof as the purchase money of the mortgaged premises will pay of the same;[2]

That if the plaintiff is the purchaser of the mortgaged premises at the sale, or if the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and acquired by the plaintiff and a valid assignment thereof filed with the United States Marshal, the United States Marshal shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed of the premises sold upon payment to the United States Marshal of the amounts specified above in items marked "FIRST" and "SECOND"; that the balance of the amount bid, after deducting there from the amounts paid by the plaintiff, shall be allowed to the plaintiff as specified above in item marked "THIRD"; that if, after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the United States Marshal, upon delivery to it of said United States Marshal's deed, the amount of such surplus; and that the United States Marshal then shall make the payments as herein directed;

That the United States Marshal take the receipt of the plaintiff or its attorney, for the amounts paid as hereinabove directed in item marked "THIRD" and file it with his Report of Sale;

---

[2] The plaintiff does not seek legal fees in this action. See Docket Item 1 ¶ 23.

5

That the surplus moneys, if any, be then deposited in the Registry of this Court, to be withdrawn only on the order of this Court;

That the United States Marshal make his report of such sale and file it with the Clerk of this Court with all convenient speed; that if the proceeds of the sale be insufficient to pay the amounts herein directed to be paid to plaintiff, with the expenses of sale, interest, costs, and allowances, as aforesaid, the United States Marshal specify the amount of such deficiency in his Report of Sale;

That the purchaser on such sale shall be let into possession of the premises sold upon production of the United States Marshal's deed to such premises; and it is further

ORDERED, ADJUDGED AND DECREED that each and every one of the defendants in this action, and all persons claiming under them or any or either of them after the filing of the Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises and each and every part and parcel thereof.

The description of the said premises is attached hereto.

SO ORDERED.

Dated:   February 19, 2020
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

Schedule "A"

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Sheridan, County of Chautauqua and State of New York, being part of Lot 49, Town 6 and Range 11 of the Holland Land Company's Survey and further bounded and described as follows: BEGINNING at a point in the centerline of New York State Route 5 (right of way width varies), also known as S.H. #8304, also known as Lake Road, at the southwesterly corner of lands conveyed by Allan L. Paglia, as Executor of The Estate of Archie J. Paglia, to Mary P. Ark by deed dated April 13, 1993, and recorded in the Chautauqua County Clerk's Office May 4, 1993, in Liber 2291 of Deeds at page 465, said point of beginning located southwesterly, as measured along the centerline of New York State Route 5, a distance of 1012.90 feet from the intersection of the centerline of New York State Route 5 with the centerline of Waite Road; thence southwesterly, along the centerline of New York State Route 5, on a curve to the left, 84.01 feet to a point; said curve having a radius of 2865.00 feet and a chord S 71° 56' 46" W, 84.01 feet; thence N 18° 53' 38" W, radially to said centerline, 26.96 feet to a point in the northerly highway boundary of New York State Route 5; thence S 75° 24' 38" W, along the northerly highway boundary of New York State Route 5, 2.20 feet to a set rebar with cap at the southeasterly corner of lands conveyed by Archie J. Paglia and Baldasare L. Ursitti to Baldasare L. and Virginia Ursitti by deed dated September 3, 1948, and recorded in the Chautauqua County Clerk's Office March 10, 1949, in Liber 839 of Deeds at page 579; thence N 06° 38' 04" E, along the easterly line of said Ursitti, 203.64 feet to a set rebar with cap in the southerly line of aforementioned Ark; thence S 83° 21' 56" E, along the southerly line of Ark, 90.00 feet to a set rebar with cap; thence S 06° 38' 04" W, along the westerly line of Ark, 161.80 feet to a set rebar with cap in the northerly highway boundary of New York State Route 5; thence continuing along the same course S 06° 38' 04" W, and still along the westerly line of Ark, 30.29 feet to the point of beginning.